[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11009
_____

D.C. Docket No. 2:16-cv-00690-RDP


MARNIKA LEWIS,
ANTOIN ADAMS,
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED
PEOPLE,
GREATER BIRMINGHAM MINISTRIES,
MARIKA COLEMAN,
JOHN ROGERS,
PRISCILLA DUNN,
JUANDALYNN GIVAN,
LOUISE ALEXANDER,
WILLIAM MUHAMMAD,
RODGER SMITHERMAN,
OLIVER ROBINSON,
ALABAMA LEGISLATIVE BLACK CAUCUS,
MARY MOORE,

Plaintiffs-Appellants,


versus


GOVERNOR OF ALABAMA,
in their Official Capacity as Governor of the State of Alabama,
ATTORNEY GENERAL, STATE OF ALABAMA,
in his Official Capacity as Attorney General of the State of Alabama,
STATE OF ALABAMA, THE,

BIRMINGHAM, CITY OF, THE,
MAYOR OF BIRMINGHAM,
in his official Capacity as Mayor of Birmingham.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 10, 2020)

Before WILSON, JORDAN, Circuit Judges, and CONWAY,[*] District Judge.

PER CURIAM:

This panel's opinion in *Lewis v. Governor of Alabama*, 896 F.3d 1282 (11th

Cir. 2018), was vacated for rehearing en banc, 914 F.3d 1291 (11th Cir. 2019).  On

rehearing, the en banc court addressed the employee-plaintiffs' Article III standing

to sue the Alabama Attorney General for Act No. 2016-18's alleged violation of

the Equal Protection Clause of the Fourteenth Amendment.  *Lewis v. Governor of

Ala.*, 944 F.3d 1287, 1292 (11th Cir. 2019) (en banc).  It held that the "plaintiffs

lack Article III standing to bring their equal-protection claim against the Alabama

Attorney General," and therefore did not consider the claim's merits.  *Id.* at 1306.

The en banc court affirmed the panel opinion in part and remanded to the panel.

_____

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida,
sitting by designation.

2

*Id.*  For the reasons given in the en banc opinion, we affirm the district court's dismissal of the plaintiffs' claims against the Alabama Attorney General for lack of jurisdiction.  That reasoning applies equally to the plaintiffs' standing to sue the State of Alabama, so we affirm the district court's dismissal there too.  And for the reasons we gave in the panel opinion—with which the en banc court expressed no disagreement—we affirm the district court's dismissal of the City of Birmingham from the suit.  *See Lewis*, 896 F.3d at 1291.

**AFFIRMED.**